PARFUMS CORDAY, INC., ET AL. *v.* UNITED STATES

**No. 5421.**—Invoices dated Paris, France, December 12, 1938, etc.
Certified December 14, 1938, etc.
Entered at New York, N. Y., December 22, 1938, etc.
Entry No. 16565, etc.

(Decided September 5, 1941)

*Siegel & Mandell* (*Sidney Mandell* of counsel) for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General (*Daniel I. Auster*, special attorney), for the defendant.

OLIVER, Presiding Judge: The appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is stipulated and agreed, by and between counsel for the respective parties hereto, subject to the approval of the Court, that the merchandise covered by

the reappraisement cases enumerated on Schedule "A", hereto attached and made a part hereof, consists of bottles and boxes similar in all material respects to the merchandise that was the subject of *United States* v. *Guerlain, Inc.*, C. A. D. 146.

It is further stipulated and agreed that the said merchandise was appraised upon the cost of production under Section 402 (f) of the Tariff Act of 1930.

It is further stipulated and agreed that the issue with respect to said merchandise covered by the reappraisements enumerated in Schedule "A", hereto attached and made a part hereof, is the same as the issue involved in the case of *United States* v. *Guerlain, Inc., supra.*

It is further stipulated and agreed with respect to all of the bottles and boxes embraced in the invoices covered by the entries enumerated in Schedule "A", hereto attached and made a part hereof, that the invoice unit prices, plus cases and packing, are equal to the cost of materials, fabrication, manipulation, or other process employed in manufacturing or producing such merchandise plus the usual general expenses in the case of such or similar merchandise (not less than 10 per centum of the costs of materials, fabrication, manipulation or other process employed in manufacturing and producing said merchandise) plus the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in packed condition ready for shipment to the United States, and plus an addition for profit (not less than 8 per centum) equal to the profit which ordinarily is added to the cost of merchandise of the same general character by manufacturers or producers in the country of manufacture of merchandise of the same class or kind.

It is further stipulated and agreed that the reappraisements are waived as to all other merchandise excepting bottles and boxes.

It is further stipulated and agreed, between the parties hereto, that the record in C. A. D. 146 be incorporated and made a part of the record in the reappraisement cases enumerated in Schedule "A", hereto attached and made a part hereof, and that the reappraisement cases be deemed submitted on this stipulation.

On the agreed facts I find the cost of production, as that value is defined in section 402 (f) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values for the bottles and boxes are the invoice unit prices, plus cases and packing.

The appeals having been waived insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed. Judgment will be rendered accordingly.